IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE ALLEN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 23-698 |
| | ) District Judge Robert J. Colville |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| UNITED STATES DEPARTMENT OF | ) Re: ECF No. 29 |
| JUSTICE U.S. MARSHALS et al, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Robert Lee Allen ("Plaintiff"), a pretrial detainee at the Butler County Prison, brings this *pro se* action arising out of allegations that he was denied sufficient medical care. ECF Nos. 8, 9. Presently before the Court is Plaintiff's "Motion to Compel Butler County Prison and its Officials to Abeast Plaintiff's Constitutional Rights as One Would Pursuant to Pro Se" ("Motion to Compel"). ECF No. 29.

In this motion, Plaintiff requests that the Court order Butler County Prison to comply with certain "specifications" to "help his case move forward" and "move effectively with his Civil Complaint under the status of pro se." Id. at 1. In particular, he requests the Court to order that Plaintiff is permitted to do the following.

1. Utilize the law library seven days per week for approximately 8 hours per day.

2. Make legal copies for the purposes of exhibits and file documentation.

3. Download or make copies of case law from the law library.

4. Obtain assistance from jail house lawyers or any lawyer who practices law.

5. Access his legal materials, including any legal materials that are included in his personal property "lock away."

    6. Receive assistance for any legal issues or problems related to this civil action.

    7. Make legal calls to any attorney practicing law for the purpose of receiving legal advice or assistance.

Id. at 4.

In support of this request, Plaintiff argues that the Court did not appoint counsel on his behalf.[1] At Butler County Prison, he can only access the law library electronically between 8:00 a.m. and 9:00 p.m. 64 inmates are required to share 22 electronic tablets for this purpose, with only one tablet assigned to a cell at any given time. There are delays in inmates' ability to use the tablets, and inmates will fight over the tablets. Because of this, Plaintiff alleges that he does not have sufficient time to investigate his claims or the applicable legal rules and standards. ECF No. 29 at 4-5.

Upon review, the Motion to Compel is denied. Plaintiff does not bring a denial of access to courts claim, nor does he allege that his rights have been violated.[2] Further, it is not the Court's role to direct prisons how to allocate resources. See, e.g., Meachum v. Fano, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons . . ."); Williams v. Wolf, No. 20-61J, 2020 WL 8181695, at *3 (W.D. Pa. July 2, 2020) ("judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration") (quoting Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)).

To date, Plaintiff has not missed any court deadlines. If Plaintiff needs additional time to comply with case deadlines going forward, he may file a motion for extension of time. The Court

---

[1] The Court denied Plaintiff's motion to appoint counsel because he is not entitled to counsel based on the facts and circumstances of this case. ECF Nos. 10 and 14. Plaintiff appealed the undersigned's order denying his motion to appoint counsel to United States District Judge Robert J. Colville, who denied this appeal and affirmed the order. ECF Nos. 15 and 25.

[2] If Plaintiff claims that his rights are being violated, he may file a claim or motion for preliminary injunction as appropriate.

is mindful of Plaintiff's status as a pretrial detainee who is representing himself, and it is generally receptive to extending deadlines as appropriate. For these reasons, the Motion to Compel is denied.

An appropriate Order follows.

AND NOW, this 11th day of January, 2024, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Butler County Prison and its Officials to Abeast Plaintiff's Constitutional Rights as One Would Pursuant to Pro Se, ECF No. 29, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  Robert Lee Allen
     035262
     Butler County Prison
     202 S. Washington Street
     Butler, PA 16001

     All counsel of record via CM/ECF.