IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE ALLEN, | ) |
| Plaintiff, | ) Civil Action No. 23-698 |
| v. | ) District Judge Robert J. Colville |
| | ) Magistrate Judge Maureen P. Kelly |
| UNITED STATES DEPARTMENT OF JUSTICE U.S. MARSHALS et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Count 29 of the Complaint, brought against the United States Department of Justice U.S. Marshals ("U.S. Marshals"), in the above-captioned case, ECF No. 9, be dismissed for failure to prosecute.

**II.    REPORT**

**A.    BACKGROUND**

In the Complaint and its accompanying "Consolidated Affidavit in Support of Statement of Claim, Declarations to Provide Context for Plaintiff's Voluminous Exhibits and Submitted Prosed Undisputed Findings of Fact" [sic], ECF No. 9-1, *pro se* Plaintiff Robert Lee Allen ("Allen") sets forth a detailed account of his Achilles tendon injury and medical treatment he received as a federal pretrial detainee at Butler County Prison ("BCP"). ECF No. 9 at 2. Allen brings this civil rights action against several parties pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) and asserts claims

under the Fourteenth Amendment to the United States Constitution. ECF No. 9 at 3. The Defendants include:

1) BCP; Warden Joe Demore; Deputy Warden Jennifer Passarelli; Major Justin Baptiste; Captain Winters ("Winters"); and Captain Tracey (collectively, the "BCP Defendants");

2) Wexford Health Services, Inc. ("Wexford"); Nina Grossman, RN ("Grossman"); Staci Rutan, HSA ("Rutan"); Maria Depew, RN ("Depew"); Rebecca Rudd, MD ("Rudd"); Heather Miller, RN ("Miller"); Brenda DeNinno, Administrative Assistant ("DeNinno"); Monica McCabe, LPN ("McCabe"); and Brenda Bash, LPN ("Bash") (collectively, the "Wexford Defendants");

3) PrimeCare Medical, Inc. ("PrimeCare"); and

4) The U.S. Marshals.

On April 28, 2023, Allen filed his Complaint and its accompanying exhibit, bringing multiple claims against the Defendants. ECF Nos. 9, 9-1. Specifically, Allen brought the following counts against the identified Defendants:

- Against the BCP Defendants, six counts of medical negligence (Counts 18-23); six counts of deliberate indifference (Counts 23-28); and one count of ministerial neglect (Count 23), ECF No. 9 at 10-12;

- Against the Wexford Defendants, nine counts of medical negligence (Counts 1-8, 17); nine counts of deliberate indifference (Counts 9-17); and one count of ministerial neglect (Count 17,) id. at 6-10;

- Against PrimeCare, one count of medical negligence, ministerial neglect, and deliberate indifference (Count 30), id. at 13; and

- Against the U.S. Marshals, one count of medical negligence, ministerial neglect, and deliberate indifference (Count 29), id.

On September 25, 2023, the BCP Defendants filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted and a brief in support. ECF Nos. 39, 40. Allen filed a response on December 1, 2023. ECF No. 63.

2

On September 26, 2023, PrimeCare filed a Partial Motion to Dismiss and a brief in support. ECF Nos. 42, 43. Allen filed a response on December 1, 2023. ECF No. 62.

On October 25, 2023, the Wexford Defendants filed a Motion to Dismiss Plaintiff's Complaint and a brief in support. ECF Nos. 53, 54. Allen filed a response on December 1, 2023. ECF No. 61.

On February 12, 2024, the U.S. Marshals filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction and a brief in support. ECF Nos. 74, 75. The Court ordered Allen to respond to the U.S. Marshals' Motion by March 18, 2024. ECF No. 76. Allen did not file a response by that date.

On April 10, 2024, this Court issued an Order to Show Cause directing Allen to show cause by April 24, 2024 why this case should not be dismissed based on his failure to respond to the U.S. Marshals' Motion to Dismiss. ECF No. 77. On May 8, 2024, this Court issued a second Order to Show Cause. ECF No. 79. The second Order to Show Cause directed Allen to respond by May 22, 2024. Id. To date, Allen has not filed a response to the U.S. Marshals' Motion to Dismiss or to either Order to Show Cause,

Concurrently, this Court issued a Report and Recommendation, ECF No. 81, on May 14, 2024 recommending the following:

1) The BCP Defendants' Motion to Dismiss, ECF. No. 39, be granted in part and denied in part as follows:

    - The Motion be granted, and Allen's claims be dismissed with prejudice as to his medical negligence claims, Counts 18-23;

    - The Motion be granted, and Allen's claims be dismissed without prejudice as to his deliberate indifference claims, Counts 23-27; and

    - The Motion be denied as to his deliberate indifference claim against Defendant Winters, Count 28.

3

2) The Wexford Defendants' Motion to Dismiss, ECF No. 53, be granted in part and denied in part as follows:

- The Motion be granted, and Allen's claims be dismissed without prejudice as to his deliberate indifference claims against Defendants Rudd, Grossman, and Wexford, Counts 9, 10, and 17;

- The Motion be granted, and Allen's claims be dismissed without prejudice as to his deliberate indifference and medical negligence claims against Defendants Depew, Brash, McCabe, DeNinno, and Rutan, Counts 4-8 and 12-16; and

- The Motion be denied as to Allen's deliberate indifference claim against Defendant Miller, Count 11.

3) PrimeCare's Motion to Dismiss, ECF No. 42, be granted, and Allen's claim be dismissed without prejudice as to his deliberate indifference claim, Count 30.

The Report and Recommendation is still pending with the District Court. Despite Allen's failure to file a response to the U.S. Marshals' Motion to Dismiss, he filed objections to this Court's Report and Recommendation on May 31, 2024. ECF No. 82.

**B. ANALYSIS**

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute,

Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n. 1).

The Court applies the six Poulis factors to Allen's failure to respond to the U.S. Marshal's Motion to Dismiss.

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). In the instant case, because Allen is proceeding *pro se*, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. See, e.g., Colon v. Karnes, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, this factor weighs against Allen given because the "continued failure to communicate with the Court and continued inaction [therefore] frustrates and delays resolution of this action." See Mack v. United States, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). Thus, this factor weighs in favor of dismissal.

The third Poulis factor, "history of dilatoriness," also weighs against Allen. This is the second Order to Show Cause issued in this matter. ECF Nos. 77, 79. Thus, despite Allen's filing of objections to this Court's Report and Recommendation as to the motions to dismiss of other Defendants, Allen has engaged in a pattern of dilatory conduct that serves to delay resolution of this matter as it relates to the U.S. Marshals. ECF 82. This factor weighs in favor of dismissal.

The fourth Poulis factor concerns the willfulness of the dilatory party's conduct, which "involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Allen is unable to respond to Court orders. Thus, his failure to comply with the Court's orders appears willful and, as such, weights in favor of dismissal.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the plaintiff is indigent. See, e.g., Brennan v. Clouse, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012)

("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. Mack, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs in favor of dismissal.

Finally, the Court must consider the potential merit of Allen's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, the Court cannot evaluate the potential merits of Allen's claims because he has failed to respond to the deficiencies outlined in the U.S. Marshals' Motion. This factor is treated as neutral.

On balance, the Court concludes that at least five of the six Poulis factors support dismissal, with the remaining factor (the merits of Allen's claims) not weighed against nor in favor of dismissal. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the sanction of dismissal is clearly supported by the Poulis factors.

### III.   CONCLUSION

For the reasons set forth above, it is respectfully recommended that Count 29 of the Complaint, ECF No. 9, brought against the U.S. Marshals, be dismissed due to Allen's failure to prosecute. As a result, it is further recommended that the pending Motion to Dismiss of the U.S. Marshals, ECF No. 74, be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: August 14, 2024

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Robert J. Colville
      United States District Judge

      Robert Lee Allen
      3660 Perrysville Avenue
      Second Floor
      Pittsburgh, PA 15214

      All counsel via CM/ECF

8