IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE ALLEN, | ) |
| | ) |
| Plaintiff, | ) 2:23-cv-698-RJC |
| | ) |
| vs. | ) District Judge Robert J. Colville |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE U.S. MARSHALS, et al., | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER OF COURT

Currently pending before the Court is the May 14, 2024 Report and Recommendation (ECF No. 81) filed by the Honorable Maureen P. Kelly in the above-captioned matter. Also before the Court is the August 14, 2024 Report and Recommendation (ECF No. 83) filed by Judge Kelly. The Defendants in this matter have filed motions seeking dismissal of the claims set forth in the Complaint (ECF No. 9) filed by Plaintiff Robert Lee Allen. Judge Kelly's May 14, 2024 Report and Recommendation recommends that the Motion to Dismiss (ECF No. 39) filed by the BCP Defendants[1] be granted in part and denied in part, specifically recommending as follows:

- That the Motion be granted, and Plaintiff's claims be dismissed with prejudice, as to his medical negligence claims at Counts 18-23;

- That the Motion be granted, and Plaintiff's claims be dismissed without prejudice and with leave to amend, as to his deliberate indifference claims at Counts 23-27; and

- That the Motion be denied as to Plaintiff's deliberate indifference claim against Defendant Winters at Count 28.

---

[1] The "BCP Defendants" are Butler County Prison ("BCP"); Warden Joe Demore; Deputy Warden Jennifer Passarelli; Major Justin Baptiste; Captain Winters ("Winters"); and Captain Tracey.

1

The Report and Recommendation further recommends that the Motion to Dismiss (ECF No. 42) filed by Defendant PrimeCare Medical, Inc. ("PrimeCare") be granted in its entirety, and that Plaintiff's claim against PrimeCare at Count 30 be dismissed without prejudice and with leave to amend.  The Report and Recommendation also recommends that the Motion to Dismiss filed by the Wexford Defendants[2] (ECF No. 53) be granted in part and denied in part, specifically recommending as follows:

- That the Motion be granted, and Plaintiff's claims be dismissed without prejudice and with leave to amend, as to his deliberate indifference claims against Defendants Rudd, Grossman, and Wexford at Counts 9, 10, and 17;

- That the Motion be granted, and Plaintiff's claims be dismissed without prejudice and with leave to amend, as to his deliberate indifference and medical negligence claims against Defendants Depew, Brash, McCabe, DeNinno, and Rutan at Counts 4-8 and 12-16; and

- That the Motion be denied as to Plaintiff's deliberate indifference claim against Defendant Miller at Count 11.

Objections to Judge Kelly's May 14, 2024 Report and Recommendation were due by May 31, 2024.  On May 31, 2024, Plaintiff filed timely Objections (ECF No. 82) to the May 14, 2024 Report and Recommendation.  No Defendant filed a response to those objections, and the Court considers the May 14, 2024 Report and Recommendation to be ripe for disposition.

Judge Kelly's August 14, 2024 Report and Recommendation recommends that Count 29 of the Complaint, brought against the United States Department of Justice U.S. Marshals ("U.S. Marshals") be dismissed for failure to prosecute.  Objections to Judge Kelly's August 14, 2024

---

[2] The "Wexford Defendants" are Wexford Health Sources, Inc. ("Wexford"); Nina Grossman, RN ("Grossman"); Staci Rutan, HSA ("Rutan"); Maria Depew, RN ("Depew"); Rebecca Rudd, MD ("Rudd"); Heather Miller, RN ("Miller"); Brenda DeNinno, Administrative Assistant ("Deninno"); Monica McCabe, LPN ("McCabe"); and Brenda Bash, LPN ("Bash").

Report and Recommendation were due by September 3, 2024. No objections to the August 14, 2024 Report and Recommendation were filed, and the Court considers this matter to be ripe for disposition.

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon consideration of Judge Kelly's May 14, 2024 Report and Recommendation, Plaintiff's Objections, and all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis and conclusions set forth in Judge Kelly's May 14, 2024 Report and Recommendation, and the Court accepts and adopts Judge Kelly's May 14, 2024 Report and Recommendation in its entirety as the opinion of the Court with respect to the Motions to Dismiss filed at ECF Nos. 39, 42, and 53. Plaintiff's "Objections" to the May 14, 2024 Report and Recommendation merely state that he "objects" to the dismissal of his claims, and the objections fail entirely to state any substantive basis or arguments in support of his objections. Plaintiff also requests a period of ninety (90) days to file an amended complaint

3

as to those claims dismissed without prejudice, as opposed to the thirty (30)-day deadline recommended in the Report and Recommendation.  Given that the Objections were filed in late May and it is now September, the Court will initially allow for a period of sixty (60) days from today's date for the filing of an amended complaint, and will leave it to Judge Kelly's discretion as to whether any further extension is appropriate, should Plaintiff request a further extension.  To the extent that Plaintiff intended to assert substantive objections to the May 14, 2024 Report and Recommendation, they are overruled.  Again, Plaintiff offers no substantive argument in support of those objections, and, in any event, the Court agrees with the well-reasoned analysis and conclusions set forth in Judge Kelly's May 14, 2024 Report and Recommendation.

It is hereby further ORDERED that:

The Motion to Dismiss (ECF No. 39) filed by the BCP Defendants is granted in part and denied in part, specifically:

- The Motion is granted as to Plaintiff's medical negligence claims at Counts 18-23, and these claims are dismissed with prejudice because the Court finds that amendment as to these claims would be futile;

- The Motion is granted as to Plaintiff's deliberate indifference claims at Counts 23-27, and these claims are dismissed without prejudice and with leave to amend; and

- The Motion is denied as to Plaintiff's deliberate indifference claim against Defendant Winters at Count 28.

The Motion to Dismiss (ECF No. 42) filed by PrimeCare is granted in its entirety, and Plaintiff's claim against PrimeCare at Count 30 is dismissed without prejudice and with leave to amend.  The Motion to Dismiss filed by the Wexford Defendants (ECF No. 53) is granted in part and denied in part, specifically:

4

- The Motion is granted as to Plaintiff's deliberate indifference claims against Defendants Rudd, Grossman, and Wexford at Counts 9, 10, and 17, and these claims are dismissed without prejudice and with leave to amend;

- The Motion is granted as to Plaintiff's deliberate indifference and medical negligence claims against Defendants Depew, Brash, McCabe, DeNinno, and Rutan at Counts 4-8 and 12-16, and these claims are dismissed without prejudice and with leave to amend; and

- The Motion is denied as to Plaintiff's deliberate indifference claim against Defendant Miller at Count 11.

To the extent that Plaintiff elects to file an amended complaint, any such amended complaint shall be filed by no later than **November 4, 2024**. The Court notes that, at this juncture, it is not inclined to permit further future amendment should Plaintiff file an amended complaint, given the issuance of a lengthy Report and Recommendation placing the Plaintiff on full notice of the deficiencies in the claims that have been dismissed without prejudice. The Court further orders that any amended complaint shall fully allege every claim that Plaintiff wishes to pursue against all parties, and must be a pleading that stands by itself without reference to the original complaint. If Plaintiff files an amended complaint, Defendants shall respond by **November 19, 2024**. If Plaintiff does not file an amended complaint, the remaining Defendants shall file an answer to the remaining claims in the Complaint by **November 19, 2024**.

Upon reasoned consideration of Judge Kelly's August 14, 2024 Report and Recommendation and all relevant docket entries, it is hereby further ORDERED as follows:

The Court further agrees with the thorough and well-reasoned analysis and conclusions set forth in Judge Kelly's August 14, 2024 Report and Recommendation, and the Court accepts and adopts Judge Kelly's August 14, 2024 Report and Recommendation in its entirety as the opinion

of the Court as to Count 29 of Plaintiff's Complaint. The Court would add that Plaintiff's failure to object to the August 14, 2024 Report and recommendation further evidences dilatoriness and willfulness on Plaintiff's part. As aptly noted by Judge Kelly, Plaintiff has declined to participate in his own lawsuit as to his claim against the U.S. Marshals and has seemingly abandoned that claim. Accordingly, the Court finds that dismissal of Count 29 with prejudice is an appropriate sanction for Plaintiff's failure to comply with Court Orders. Count 29 is hereby dismissed with prejudice. The Motion to Dismiss at ECF No. 74 is dismissed as moot.

BY THE COURT:

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 4, 2024

cc/ecf:

    All counsel of record

    Robert Lee Allen
    3660 Perrysville Avenue, 2nd Floor
    Pittsburgh, PA 15214