IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-00698 |
| | ) | |
| v. | ) | District Judge Robert J. Colville |
| | ) | Magistrate Judge Maureen P. Kelly |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE U.S. MARSHALS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

## II.    REPORT

### A.    Background

Plaintiff Robert Lee Allen ("Plaintiff") was a pretrial detainee at the Butler County Prison ("BCP"). Plaintiff asserts claims that his Eighth and Fourteenth Amendment rights were violated from the treatment (and alleged lack thereof) of an Achilles tendon injury that he sustained while at BCP.  ECF No. 9.

After having previously dismissed a number of Plaintiff's claims, ECF Nos. 81, 83, 84,[1] the Court issued a case management order on May 20, 2025, ECF No. 109, and the parties engaged

---

[1]    In the course of dismissing these claims, the Court granted Plaintiff leave to file an amended complaint.  ECF No. 84.  Plaintiff, however, filed no such amended complaint.

in discovery.  On December 16, 2025, Defendants filed a Motion to Compel Discovery alleging that Plaintiff had failed to respond to a number of discovery requests, including interrogatories, document requests, and requests for authorization for the release of relevant medical records.  ECF No. 123.  The Court ordered Plaintiff to respond to that motion on or before January 5, 2026.  ECF No. 126.  When no response was filed, Defendants filed a Motion for Order to Show Cause, asking that the Court order Plaintiff to respond as to why his case should not be dismissed.  ECF No. 129. The Court granted said motion and ordered Plaintiff to file a response showing cause why this matter should not be dismissed by February 10, 2026.  ECF No. 130.

On February 9, 2026, Plaintiff filed what he titled his "Motion to Show Cause Why the Complaint Should Not Be Dismissed."  ECF No. 131.  This document set forth various reasons why Plaintiff believed his complaint should not be dismissed for failure to state a claim,[2] but did not address the issue of the alleged failure to respond to Defendants' discovery requests that prompted the Court's show cause order.

Accordingly, on March 20, 2026, the Court issued an Order ("March 20 Order") clarifying that Plaintiff was to file a response either (1) demonstrating that he has complied with the discovery requests addressed in Defendants' Motion to Compel Discovery or (2) showing cause as to why this case should not be dismissed because of his failure to do so.  ECF No. 132.  Plaintiff was directed to file his response to the March 20 Order on or before April 13, 2026, and was advised that failure to respond would result in the dismissal of this case for failure to prosecute.  Id.  To date, the Court has received no response to its March 20 Order.

---

[2]    Plaintiff appeared to be responding to a motion to dismiss his case for failure to state a claim, but no such motion was pending.  ECF No. 131.

2

**B.    Discussion**

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984), are as follows.

(1)    The extent of the party's personal responsibility.

(2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)    A history of dilatoriness.

(4)    Whether the conduct of the party or the attorney was willful or in bad faith.

(5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)    The meritoriousness of the claim or defense.

Id. at 868.

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek, 964 F.2d at 1373, and not all six factors need to weigh in favor of dismissal for dismissal to be warranted, see Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  Rather, the court must "properly consider and balance" each of the six factors based on the record.  Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

Dismissing a case with prejudice "is an 'extreme' sanction" that should be employed as a "last, not first, resort."  Id. (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S.

3

639, 643 (1976), and <u>Poulis</u>, 747 F.2d at 867, 869).  A close case should "be resolved in favor of reaching a decision on the merits."  <u>Id.</u> (citing <u>Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund</u>, 29 F.3d 863, 870 (3d Cir. 1994)).  Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the United States Court of Appeals for the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases."  <u>Id.</u> (citing <u>Poulis</u>, 747 F.2d at 867 n. 1).  Consideration of the <u>Poulis</u> factors demonstrates that such a sanction is warranted here.

The first <u>Poulis</u> factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct.  <u>See</u> <u>Adams</u>, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal.").  Because Plaintiff is proceeding *pro se* in this case, he is solely responsible for his own conduct, including his failure to respond as ordered by the Court.  <u>See</u>, <u>e.g.</u>, <u>Colon v. Karnes</u>, No. 1:11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."); <u>Smith v. Warden, FCI McKean</u>, No. 1:23-cv-277, 2024 WL 4653787, at *2 (W.D. Pa. Oct. 8, 2024), <u>report and recommendation adopted,</u> No. 1:23-cv-277, 2024 WL 4651016 (W.D. Pa. Nov. 1, 2024).  Accordingly, this factor weighs in favor of dismissal.

The second <u>Poulis</u> factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior.  Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party," <u>Adams</u>, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." <u>Ware v. Rodale</u>

Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).    Generally, a party's "continued failure to communicate clearly with the Court and continued inaction frustrates and delays resolution of the action." Mack v. United States, No. 3:17-cv-1982, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019).    Here, it is unclear what impact Plaintiff's failure to comply with the Court's orders have had on Defendants other than frustrating their interest in timely resolution of this matter.    Giving Plaintiff the benefit of the doubt, the Court finds that this factor weighs neither for nor against dismissal.

The third factor, "history of dilatoriness," weighs heavily in favor of dismissal. The Court has issued three Show Cause Orders in this case for failure to respond, ECF Nos. 79, 105, 130, *in addition to* the March 20 Order.    In fact, Plaintiff's claims against the United States Department of Justice, U.S. Marshals ("U.S. Marshals") were previously dismissed for failure to prosecute after Plaintiff failed to respond to the U.S. Marshals' Motion to Dismiss and after he failed to respond to this Court's May 8 Show Cause Order directing him to show cause why this case should not be dismissed on that basis. ECF Nos. 76, 79, 83, 84.    Plaintiff's repeated failure to respond as ordered has led to significant delays in this matter and suggests that he does not intend to proceed with this case in a timely fashion. See Brennan v. Clouse, Civ. No. 11-146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012).

With respect to the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874.    Nothing here suggests that Plaintiff is unable to properly respond to Court orders.    As discussed, Plaintiff has continuously frustrated the process by failing to respond as required.    Thus, his failure to comply with the Court's orders appears willful, and the fourth factor weighs toward dismissal.

The fifth factor addresses the effectiveness of sanctions other than dismissal. See Poulis, 747 F.2d at 869. Courts have consistently held that monetary sanctions are ineffective where the plaintiff is indigent. See, e.g., Brennan, 2012 WL 876228, at *3 ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. Mack, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs substantially in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. While at this stage of the proceedings it is difficult to accurately assess the merits of Plaintiff's claims, nothing suggests that they are uniquely meritorious. As such, this factor will be weighed neither in favor nor against Plaintiff.

On balance, the Court concludes that at least four of the six Poulis factors support dismissal, with the remaining factors not weighing one way or the other. As noted, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks, 850 F.2d at 156. While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff consistently declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the extreme sanction of dismissal is supported by the Poulis factors.

6

### C.    Conclusion

For the reasons set forth herein, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections within fourteen days, or seventeen days for unregistered ECF Users.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: May 20, 2025

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Robert J. Colville
       United States District Judge

       All counsel of record via ECF

       Robert Lee Allen
       218 West Burgess Street
       Pittsburgh, PA 15214